# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-11172

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2019

Lyle W. Cayce
Clerk

STEPHEN PATRICK BLACK,

Plaintiff - Appellant

v.

DARRELL B. TURNER, Doctor of Philosophy, in his official and individual capacity as the state's psychological expert witness; JANICE ULMER, Members of the Texas Department of Criminal Justice Civil Commitment Multidisciplinary Team, in their official and individual capacities as employees of Texas Department of Criminal Justice; JOSEPH BONJORNO, Members of the Texas Department of Criminal Justice Civil Commitment Multidisciplinary Team, in their official and individual capacities as employees of Texas Department of Criminal Justice; MELINDA FLETCHER, In their official and individual capacities as attorneys for the special prosecution unit; SAMANTHA TORRES, In their official and individual capacities as attorneys for the special prosecution unit; MARSHA MCLANE, Executive Director, in their official and individual capacities as employees of the Texas Civil Commitment Office; MICHAEL SEARCY, In their official and individual capacities as employees of the Texas Civil Commitment Office; TIFFANY MAYBANK, In their official and individual capacities as employees of the Texas Civil Commitment Office; ERIC DICKEY, In their official and individual capacities as employees of the Texas Civil Commitment Office; AMY GOLDSTEIN, In their official and individual capacities as employees of Correct Care Recovery Solutions; CYNTHIA BURNS, In their official and individual capacities as employees of Correct Care Recovery Solutions,

Defendants – Appellees

No. 17-11172

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-111

---

Before DAVIS, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Stephen Black appeals from the district court's denial of his motion for leave to amend his complaint, after the district court issued a final judgment. We find no abuse of discretion in the denial, and accordingly, we affirm.

I.

Black is currently in civil confinement at the Texas Civil Commitment Center in Littlefield, Texas, because he was adjudicated a sexually violent predator. After Black's adjudication, he sued a number of individuals in federal district court under 42 U.S.C. § 1983. Specifically, he asserted that Daniel Turner's testimony and expert report—upon which state officials relied in Black's civil commitment proceedings—contained two errors of fact which are affecting his treatment while civilly confined. The expert report states that Black was convicted of five counts of indecency with a child and that Black was convicted of a DWI in 2003. Black alleges that he was only convicted of one count of indecency and that he was convicted of a DWI in 1993.

The district court dismissed Black's complaint for three reasons. First, the district court concluded that *Heck v. Humphrey* barred the complaint, because a finding in favor for Black would have necessarily undermined the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11172

validity of the state court judgment. *See* 512 U.S. 477, 486–87 (1994).  Second, the district court concluded that the claims were barred by the *Rooker-Feldman* doctrine, reasoning that the claims are inexorably intertwined with a state court's judgment, and the district court could not sit in review of that state court's judgment.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  Finally, the district court concluded that Black's remaining claims were barred, because Texas granted statutory immunity to all of the named defendants in Black's complaint.  *See* TEX. HEALTH & SAFETY CODE § 841.147.

After the district court issued its final order, Black moved to amend the complaint and requested relief from the final judgment, pursuant to Rules 52(b), 59(a), 59(b), 59(e), and 60(b)(6) of the Federal Rules of Civil Procedure. In his proposed amendment, Black removed all defendants from the original complaint except for Turner and stated that the claims against Turner should not be construed as a collateral attack on the state court judgment.  The proposed amendment maintained Black's allegation that Turner negligently included facts in his expert report and testified to those inaccurate facts.

The district court denied Black's motion to amend, concluding that Black had failed to demonstrate an entitlement to relief under FED. R. CIV. P. 52(b), 59, or 60, and that the court would not grant leave to amend for the same reasons stated in its dismissal.  Black appeals from the district court's denial of leave to amend the complaint.

## II.

When the district court denies leave to amend the complaint after the court has issued a final judgment, the Rule 59(e) motion to alter or amend a judgment is governed by Rule 15(a).  *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594,

No. 17-11172

597 n.1 (5th Cir. 1981)). We review a Rule 15(a) denial, nominally for an "abuse of discretion," although the district court's discretion is "limited." *Id.* at 863–64. Under Rule 15(a), a district court must freely give leave to amend, subject to a few considerations—undue delay, bad faith or dilatory motive by the movant, repeated failures to cure deficiencies by amendment, undue prejudice by allowing the amendment, and whether granting the amendment would be futile. *See U.S. ex rel Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 230 (1962)). We conclude that Black's amended complaint would have been futile.

A.

The district court concluded that Black's § 1983 claims were barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983," unless the plaintiff could "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

Although "whether *Heck* extends to civil commitments is still a res nova question in this circuit," we need not answer the question here. *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018). Regardless of whether *Heck* applies to civil commitment, the plaintiff must still "assert [a] coherent legal theory, either in his briefs or in his complaint below, explaining how these actions violated his federal rights." *Id.* at 186. Black has not asserted a coherent legal theory.

Here, Black has alleged—in the complaint and the proposed amendment—that Turner negligently included incorrect facts in his expert report. Even if we take as true that Turner's report contained inaccuracies,

4

No. 17-11172

Black received due process.  Black had the opportunity to contest those inaccuracies at the civil confinement trial, review the report, and offer evidence to rebut those facts.  *See* TEX. HEALTH & SAFETY CODE § 841.061(d).  Black does not allege any deficiency in the trial or a lack of opportunity to present his own evidence.

Black has also failed to show that a failure to change an allegedly inaccurate expert report constitutes a violation of a person's Eighth and Fourteenth Amendment rights.  We decline Black's invitation to find that an individual has a right to correct facts in an expert report, relevant to that individual's civil confinement, after that individual had the opportunity to contest that expert report at trial.

Black's amendment is futile for yet another reason—the claim is based solely upon Turner's alleged negligent actions.  Black repeatedly states that Turner negligently included incorrect facts in his expert report in both his original complaint and in his proposed amendment.  But as we have previously held, "[t]he due process clause is not implicated by a negligent act." *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).  Accordingly, Black's amendment fails to assert a cognizable claim.

Therefore, because we find that Black alleged no violation of a federal right protected by the Eighth or Fourteenth Amendments, and because Black's proposed amendment would have only repeated a claim based on negligence, we find that the amendment is futile.  Accordingly, the district court did not abuse its discretion in denying leave to amend.

## B.

To the extent that Black asserts and seeks to amend his complaint to reflect any remaining state-based claims, we find that Turner is immune from

suit under state law. *See* TEX. HEALTH & SAFETY CODE § 841.147 (providing that a person performing a service under Chapter 841 is "immune from liability for good faith conduct"). As an expert witness who evaluated Black for behavioral abnormalities, Turner performed a service under Chapter 841 of the Texas Health and Safety Code. *Id.* And Black has not alleged any bad faith on the part of Turner—only negligence. Therefore, we find that the amendment would be futile based on the reiteration of these state-based claims.

## III.

For the foregoing reasons, we affirm the district court's denial of leave to amend the final judgment and amend the complaint.